UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL FREEDMAN, individually and on behalf of all others similarly situated | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| | ) Civil Action No. _____ |
| DAN O'BRIEN KIA NORWOOD, DMO NORWOOD, LLC, and DAN O'BRIEN AUTO GROUP | ) ) ) ) ) |
| Defendants. | ) |

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Dan O'Brien Kia Norwood, DMO Norwood, LLC, and Dan O'Brien Auto Group (collectively "O'Brien" or the "Defendants")[1] hereby remove the action entitled *Rachel Freedman v. Dan O'Brien Kia Norwood, et al.*, Docket No. CV-20-1255, Middlesex County Superior Court, Commonwealth of Massachusetts, (the "Complaint"), to the United States District Court for the District of Massachusetts. A true copy of the Complaint is attached as **Exhibit A**.[2] The grounds for removal are set forth below:

---

[1] Although the Plaintiff attempts to name three parties – Dan O'Brien Kia Norwood, DMO Norwood, LLC, and Dan O'Brien Auto Group – as Defendants, she has identified only one of them – DMO Norwood, LLC – as a legal entity. The Plaintiff describes Dan O'Brien Kia Norwood only as a d/b/a for DMO Norwood, LLC. Compl. ¶ 8. She describes Dan O'Brien Auto Group as a "family of car dealerships [with locations in Hanover, Norwood, Methuen, and Chelmsford] that share similar ownership and operational resources." Compl. ¶ 7. For purposes of addressing the citizenship criteria for removal based on diversity jurisdiction, *see infra*, O'Brien will restrict its discussion to DMO Norwood, LLC, which is the only entity identified by the Plaintiff.

[2] O'Brien's counsel accepted service of the Complaint on June 26, 2020. A copy of the Acceptance of Service, along with all other pleadings, process and orders in the removed action, are attached as **Exhibit B**.

## STATEMENT OF GROUNDS FOR REMOVAL

1.     Plaintiff Rachel Freedman filed this action in Middlesex County Superior Court on May 28, 2020.  On June 26, 2020, O'Brien accepted service of a Summons and the Complaint.  Ex. B.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because O'Brien is filing it within 30 days of proper service of the Complaint.

2.     The Complaint is centered around the Plaintiff's contention that O'Brien violated the Automobile Information Disclosure Act ("AIDA"), 15 U.S.C. §§1231-33, by altering disclosure information required by the AIDA to be included on a window sticker affixed to a car the Plaintiff bought from O'Brien on October 12, 2019.  Compl. ¶ 1.  The Plaintiff claims this resulted in O'Brien's charging of an unlawful "addendum" fee.  Compl. ¶¶ 14-19.  She also contends that O'Brien charged unlawful "documentary" and "title preparation" fees and unlawfully switched equipment without her knowledge.  Compl. ¶¶ 20-29.  Based on these allegations, the Plaintiff contends O'Brien engaged in unfair and deceptive trade practices in violation of Mass. Gen. Laws c. 93A (Count I).  She also asserts claims for unjust enrichment (Count II), breach of contract (Count III), breach of the duty of good faith and fair dealing (Count IV), and fraud (Count V).

3.     The Complaint seeks certification of a class consisting of "All consumers who purchased an automobile from any Dan O'Brien Auto Group dealership in Massachusetts from April 13, 2014 to the present . . . ."  Compl. ¶ 53.

4.     On behalf of herself and all other putative class members, the Plaintiff seeks compensatory damages, statutory damages, double or treble damages under Mass. Gen. Laws c. 93A, disgorgement of O'Brien's profits, injunctive relief, attorneys' fees under Mass. Gen. Laws c. 93A, and other reasonable costs.  Compl. ¶ 82.

5.      This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d) and 1453.  The removed action is a "class action" under 28 U.S.C. §§1332(d)(1)(B) and 1453[3] and meets the other requirements of Sections 1332(d) and 1453 as discussed below.  Specifically, this Court has subject-matter jurisdiction pursuant to CAFA because: (1) there is "minimal diversity" (meaning that at least one plaintiff and one defendant are from different states); (2) the amount in controversy exceeds $5 million; and (3) this action involves at least 100 class members.  *See* 28 U.S.C. §§ 1332(d)(2), (5)(B); *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009).

## There is Minimal Diversity

6.      For a Federal Court to maintain jurisdiction pursuant to CAFA, at least one member of the putative class must be a citizen of a State different from any defendant.  28 U.S.C. §§ 1332(d)(2).

7.      DMO Norwood, LLC is a Massachusetts Limited Liability Company with a principal place of business at 105 Boston-Providence Highway, Norwood, Massachusetts. Compl. ¶ 6.  Pursuant to CAFA, an unincorporated association is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.  28 U.S.C. § 1332(d)(10).  Accordingly, DMO Norwood, LLC is a citizen of Massachusetts for the purpose of evaluating diversity jurisdiction under CAFA.

8.      For an individual, "[u]nder generally accepted principles, citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." *Hall v. Curran*, 599

---

[3] The Complaint is styled as a "Class Action" and is brought pursuant to Mass. R. Civ. P. 23. Compl. ¶ 53.

F.3d 70, 72 (1st Cir. 2010).

9.     The putative class is comprised of "[a]ll consumers who purchased an automobile from any Dan O'Brien Auto Group dealership in Massachusetts from April 13, 2014 to the present . . . ."  Compl. ¶ 53.  The Plaintiff "believes that there are thousands of Class members."  Compl. ¶ 55.

10.     By definition, the putative class is not limited to citizens of the Commonwealth.  Therefore, on the face of the Complaint, the putative class contains both citizens and non-citizens of Massachusetts, which satisfies CAFA's minimal diversity requirements.  *See McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (holding that a putative class consisting of "residents of Massachusetts" who made purchases at various retail stores in the U.S. was sufficient to support the assertion of diversity jurisdiction under CAFA because "[c]itizenship . . . is not equated with residence, but with 'domicile' . . . .").

11.     In addition, at least one member of the putative class of automobile consumers is in fact a citizen of New Hampshire who maintains his domicile there.  Declaration of Nathaniel Seguin, dated July 20, 2020 ("Seguin Decl."), attached as **Exhibit C**, ¶¶ 3-4.

12.     Accordingly, at least one plaintiff is diverse from at least one defendant, satisfying the CAFA diversity requirement.

## The Amount in Controversy Exceeds $5 Million

13.     O'Brien denies any liability in this case and expressly retains its right to oppose class certification.   For the sole purpose, however, of applying CAFA's jurisdictional requirements for removal, O'Brien has a good faith basis to believe that the allegations in the

Complaint generate a "reasonable probability" that the amount in controversy – the aggregated claims of the individual class members – exceeds $5 million, exclusive of interests and costs. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (a court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than $5 million is in controversy at the time of removal); 28 U.S.C. § 1332(d)(6).

14.    The Plaintiff alleges she believes "there are thousands of Class members." Compl. ¶ 55.

15.    She also contends her claims are typical of the claims of the other putative class members:

> [A]ll Class members were similarly injured through the uniform misconduct described herein and all Class members have the same claim, *i.e.*, that [O'Brien] engaged in unfair and deceptive pricing and other business practices such as uniform implementation of the "addendum fee" scam, charging unlawful "documentary" and "title preparation" fees, and unlawfully switching equipment without the customer's knowledge.

Compl. ¶ 57.

16.    The Plaintiff states that as a result of O'Brien's alleged overcharging of fees, she paid $46,057.69 for a vehicle whose "stated retail price" was $40,460.  Compl. ¶¶ 12-13. This resulted in an alleged overcharging of fees by O'Brien in the amount of $5,597.69.

17.    Assuming there are at least 2,000 putative class members who were overcharged the same fees as the Plaintiff, as she contends, this aspect of her claims would result in aggregate damages of $11,195,380 for the class, exclusive of interest and costs.

18.    In addition, in a demand letter sent by the Plaintiff to O'Brien pursuant to Mass. Gen. Laws ch. 93A, she claimed that class-wide damages were "in excess of $31,348,000.00."  *See Letter of Joshua N. Garick, Esq.*, dated April 13, 2020, attached as

**Exhibit D**.

19.     Using either of the above measures, CAFA's $5 million amount in controversy requirement is satisfied in this case.

<u>**All Procedural Requirements are Met**</u>

20.     This Court is the proper venue for removal because the Complaint is pending in the Superior Court for Middlesex County, and all the parties who reside in Massachusetts reside in this Court's division.  28 U.S.C. §§ 101, 1441(a); L.R. 40.1 (C)(1) & D(1).

21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly with the clerk of the Superior Court for Middlesex County and served upon counsel for the Plaintiff.

22.     Pursuant to Local Rule 81.1(a), within 28 days from the filing of this Notice of Removal, O'Brien will file certified copies of all Superior Court proceedings in this matter and a certified copy of the Superior Court docket for this matter.

23.     Should the Plaintiff seek to remand this case, or the Court considers remand *sua sponte*, O'Brien respectfully requests the opportunity to submit evidence and additional arguments in support of removal prior to any order remanding this case.

<u>**No Admissions or Waivers of Defenses**</u>

24.     O'Brien does not admit any allegations in the Complaint or relinquish any right to assert defenses, including affirmative defenses, and its right to challenge the pleadings.

Dated:  July 21, 2020

Respectfully submitted,

Attorneys for Defendants
Dan O'Brien Kia Norwood
DMO Norwood, LLC, and
Dan O'Brien Auto Group,


/s/ Edward J. Sackman                            /s/ Daniel J. Mitchell
Edward J. Sackman, Esq. (BBO # 704383)          Daniel J. Mitchell, Esq. (BBO # 675232)
Hilary Holmes Rheaume, Esq.                     dmitchell@bernsteinshur.com
(*pro hac vice* to be filed)
nsackman@bernsteinshur.com
hrheaume@bernsteinshur.com

BERNSTEIN SHUR                                  BERNSTEIN SHUR
670  N. Commercial St., Suite 108               100 Middle Street
P.O. Box 1120                                   P.O. Box 9279
Manchester, New Hampshire 03105                 Portland, Maine  04104
(603) 623-8700                                  (207) 774-1200

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF System will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on July 21, 2020.

Dated:  July 21, 2020                      /s/ Daniel J. Mitchell
                                             Daniel J. Mitchell