UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RACHEL FREEDMAN, and <br> JEFFREY GREENBERG, individually and <br> on behalf of all others similarly situated, <br> Plaintiff, <br><br> v. <br><br> DAN O'BRIEN KIA NORWOOD, <br> DMO NORWOOD, LLC, and <br> DAN O'BRIEN AUTO GROUP <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No.: 1:20-cv-11369-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**I.     PRELIMINARY STATEMENT**

On May 28, 2020, defendants Dan O'Brien Kia Norwood, DMO Norwood, LLC and Dan O'Brien Auto Group (collectively "DMO") received a copy of the Complaint in this action. See E-Mail Attaching Complaint, attached herewith as "Exhibit A." The following day, DMO agreed to accept service. *See* AGREEMENT TO ACCEPT SERVICE, attached herewith as "Exhibit b." On July 21, 2020 – fifty-four days after receiving the Complaint, and fifty-three days after agreeing to accept service, DMO filed a Notice of Removal. *See* NOTICE OF REMOVAL [Dkt. 1]. Because DMO acted well beyond the thirty day deadline to remove, the plaintiffs Rachel Freedman and Jeffrey Greenberg, individually and on behalf of all others similarly situation ("Plaintiffs") respectfully move that the matter be remanded to the Middlesex County Superior Court pursuant to 28 U.S.C., § 1447(c). Although DMO's procedural shortcomings require remand, the Court has substantive bases to remand as well. This is because DMO has failed to meet its burden of proving subject matter jurisdiction because it has not provided any evidence that the $5 million amount-in-controversy has been satisfied or that either the "home-state

1

controversy" or "local controversy" exceptions to the Class Action Fairness Act of 2005 do not apply. *See* 28 U.S.C., § 1332(d) ("CAFA"). For these reasons, the Court must remand the matter, and award Plaintiffs their costs and reasonable attorneys' fees in securing remand.

## II.     FACTUAL BACKGROUND

The facts relevant to removal are fairly straightforward. On May 28, 2020, Plaintiffs filed a putative class action lawsuit against DMO in the Massachusetts Superior Court in Middlesex County. *See* DKT. 1, at pg. 2, ¶ 1. The lawsuit alleged that DMO employed a host of unlawful pricing scams at its Massachusetts new car dealerships. Perhaps the most egregious scam addressed in the Complaint is the "addendum" scam, where DMO systematically alters the federally mandated pricing disclosures to artificially inflate the retail sales price of the vehicle. *See* COMPLAINT [Dkt. 1-3], at ¶¶ 14-19 (citing 15 U.S.C., §§ 1231-1233).[1] The Complaint also seeks compensation for the unlawful imposition of fees, including so-called "documentary preparation" fees and "title preparation" fees. *See id*., at ¶¶ 20-33. Finally, the Complaint alleges that DMO engages in a bait and switch by negotiating the sales price of all-wheel drive vehicles, only to deliver front-wheel drive models to consumers without their knowledge. *See id*., at ¶¶ 34-52. As a result of these unlawful practices, Plaintiffs filed a five count Complaint alleging: (1) unfair and deceptive business practices, G. L. c. 93A, §§ 2 and 9; (2) unjust enrichment; (3) breach of contract; (4) breach of the duty of good faith and fair dealing; and (5) fraud. *See id.*, at ¶¶ 61-103. The Complaint was filed as a putative class action. The putative class was preliminarily defined as "[a]ll consumers who purchased an automobile from any Dan

---

[1] On August 13, 2020, Plaintiffs amended the Complaint. *See* FIRST AMENDED CLASS ACTION COMPLAINT [Dkt. 14]. For purposes of this motion to remand, references will be made to the original Complaint, not the First Amended Complaint. This is because the Court must look at the issues as they existed at the time of removal (i.e., before the Complaint was amended). *See Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009).

O'Brien Auto Group dealership in Massachusetts from April 13, 2014 to the present." *Id.*, at ¶ 53.[2]

Because this motion attacks the Notice of Removal as being untimely, the Court will be tasked with examining certain relevant dates. These dates include:

- **May 28, 2020**:  Complaint was filed in Superior Court. *See* DKT. 1, at pg. 2, ¶ 1.

- **May 28, 2020**:  A copy of the Complaint was forwarded to DMO's counsel by e-mail. *See* EXHIBIT A.

- **May 29, 2020**:  Counsel agrees to accept service on behalf of DMO. *See* EXHIBIT B.

- **June 26, 2020**:  DMO's counsel signs an affidavit indicating acceptance. *See* DKT. 1-4.

- **July 21, 2020**:  DMO filed its Notice of Removal. *See* DKT. 1.

It should be noted that there was no rush in formalizing the acceptance of service or setting a date to respond or answer the Complaint. This is because the Massachusetts Supreme Judicial Court entered an order staying all deadlines due to the COVID-19 pandemic. *See* SUPREME JUDICIAL COURT ORDER REGARDING COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY THE COVID-19 (CORONAVIRUS) PANDEMIC. As part of that order, any deadlines imposed by court rules were stayed through July 1, 2020. *See id.* Once July 1st hit, deadlines were reset and responses would become due based on how many unexpired days remained on the deadline before March 17, 2020 (when the deadlines were stayed).[3] Since the

---

[2] This time period proposed is six years from the date of service of the 93A demand letter. However, it is unlikely that the class period will cover this entire period of time because, upon information and belief, DMO has only entered the Massachusetts market within the past two years. This raises issues of whether DMO can actually meet its burden of proof that there is more than $5 million in damages for purposes of establishing jurisdiction under the CAFA.

[3] By means of a hypothetical example only, suppose there was a court-imposed deadline of 20 days to respond to a document filed on March 10, 2020. On March 17, 2020 (the date the SJC's orders became effective), there was 13 days remaining for that party to respond. The deadline would be stayed through July 1, 2020 at which point the party would be given the remaining 13 days to respond. Under this hypothetical, the party's response would be due July 14, 2020.

Complaint was filed on May 28, 2020 – well after the March 17, 2020 stay order from the SJC, DMO would be afforded the full 20 days to respond to the Complaint after the stays were lifted on July 1, 2020.  *See id.*; *see also* MASS. R. CIV. P. 12(a)(1) (defendants have 20 days to respond to a Complaint).  Accordingly, DMO had until July 21, 2020 to answer the Complaint or otherwise respond.  *See id.*  This much was commemorated in an e-mail between counsel.  Although DMO requested that it be given through July 13, 2020 to respond, counsel for Plaintiffs – as a professional courtesy – took it upon himself to extend that deadline to conform with the timeframe set by the SJC's COVID-19 related orders.  *See* E-MAIL BETWEEN COUNSEL DATED JUNE 26, 2020, attached herewith as "Exhibit C."[4]

Viewing the case through these facts, it is clear that any courtesies or extensions granted by Plaintiffs to respond to the Complaint in light of the COVID-19 pandemic are wholly unrelated to this Court's statutory and jurisdictional timeframe for removal.  By missing the thirty-day deadline, DMO is unable to remove to this Court.  Even if removal had been timely, DMO is unable to prove that the $5 million amount-in-controversy has been met or that the two exemptions to jurisdiction do not apply.  For those reasons, the Court must remand the case to the Middlesex County Superior Court.

**III.   ARGUMENT**

    **A.   <u>DMO HAS THE BURDEN OF ESTABLISHING FEDERAL JURISDICTION</u>**

The removal statute, 28 U.S.C., § 1441, is strictly construed <u>against</u> removal.  *See Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 1995).  Deference is generally

---

[4] The parties commemorated this extension in the affidavit indicating that DMO accepted service.  Under Massachusetts law, however, such an affidavit is not necessary.  It was merely a courtesy to the Clerk's Office designed to prevent the Court from *sua sponte* dismissing the Complaint due to lack of service or entering a *sua sponte* default against DMO for not answering or responding to the Complaint in a timely manner.

given to the plaintiff's choice of forum.  *See Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 43 (1st Cir. 2009).  The Court should be "mindful that (1) [it] has a particular responsibility to police the border of federal jurisdiction, (2) Plaintiff is the master of his complaint, and (3) the removal statute should be strictly construed against removal."  *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 237 (D. Mass. 2010).  For this reason, where the complaint does not contain specific damage allegations, the burden is on DMO to demonstrate a "reasonable probability" that the amount in controversy exceeds $5 million.  *Amoche*, 556 F.3d at 43.  The defendants must meet this burden at the time of removal.  *Id.*, at 51.  Failing this burden, this Court lacks jurisdiction, and remand to state court is required.

      **B.**      **DMO'S REMOVAL CAME AFTER THE 30-DAY DEADLINE**

DMO has 30 days to remove a case upon receipt of the complaint.  The removal statute is clear in this regard:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.

*See* 28 U.S.C., § 1446(b)(1).  The removal statute essentially establishes deadlines based on one of two occurrences, either: (1) receipt of the initial pleading; or (2) service of the summons.  *See id*.  DMO conceded in its Notice of Removal, that there was no service of the summons because it accepted service.  *See* DKT. 1, at pg. 2, ¶ 1.  Thus, the operative provision of the removal statute is the first part requiring removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C., § 1446(b)(1).

Here, the Complaint was sent to DMO's counsel on May 28, 2020.  Pursuant to § 1446, May

5

28th is the date that starts the removal clock. In response to this e-mail, counsel for DMO said that he would make an inquiry with his client. The next day, by e-mail dated May 29, 2020, counsel for DMO accepted service. There is no dispute that DMO received the Complaint, which set forth the claims for relief upon which these proceeding was based, on May 28, 2020. DMO then had 30 days to remove. It failed to do so by June 28th, thus requiring remand to state court.

DMO appears to rely on the second part of § 1446(b)(1), claiming that it has 30 days from the date of service – as opposed to 30 days from receipt of the initial pleading. DMO's reliance on this provision is misguided because by virtue of counsel's acceptance, there was no service of process. Thus, the date that the parties ultimately agreed to formally stipulate that the acceptance occurred is irrelevant in this Court's analysis. That is because it is the date of receipt of the Complaint, not the date acceptance occurred, that triggers the removal clock.[5] DMO's position has already been soundly rejected by this Court. This exact issue was raised in *New World Technologies, Inc. v. Comy Technology, Inc.*, 876 F.Supp. 6 (D. Mass. 1995). In *New World Technologies*, the plaintiff filed suit in the Middlesex County Superior Court and on May 3, 1994, the complaint was sent to counsel who ultimately agreed to accept service on behalf of the defendants. *Id.*, at 7. At a status conference in the state court, the parties stipulated that May 13, 1994 – ten days after counsel received the complaint – would be the day that service was perfected. *Id*. The defendants removed on June 7, 1994, a date that was more than 30 days from

---

[5] Even if the Court were to use the date that DMO agreed to accept service, that date would be May 29, 2020 when DMO stated it would accept service, not June 26, 2020, the date the affidavit was signed. By that point, given the SJC's stay order related to COVID-19, the date used in the affidavit was arbitrary, as the deadline to answer the Complaint was stayed until July 21st. Accordingly, the parties placed no import on that date. Had the Plaintiffs known that it would later be used to justify removal, they would have insisted that the date properly reflect the May 29, 2020 date when DMO agreed to accept service. Indeed, an affidavit of this nature is not required under Massachusetts state court procedures. It was merely requested to commemorate that the lack of service was by agreement. *See* NOTE 4, *supra*.

when counsel received the complaint, but less than 30 days from the stipulated day that service was perfected. *See id.* The Court ordered remand.

The holding in *New World Technologies* has consistently been adopted by this Court. Another Judge opined as follows:

> **The thirty day period commences upon receipt of the complaint by the defendant or anyone authorized to accept process for the defendant.** As the express language of the statute indicates, it is not necessary that the defendant be formally served for the period to begin. This is because the right of removal arises when the defendant has adequate information to decide whether or not removal is appropriate. Thus, the right is based on notice of the substantive claims which must be defended, rather than on the completion of procedural formalities.

*Karpowicz v. Blue Cross & Blue Shield of Massachusetts, Inc.*, No. 96-10050-MLW, 1996 WL 528372, at *3 (D. Mass. Aug. 19, 1996) (emphasis supplied). DMO, like the defendants in *Karpowicz* and *New World Technologies* had adequate information to determine whether it could remove. Instead of doing so in a timely manner, DMO did nothing. It appears that DMO is taking advantage of Plaintiffs' good faith in affording it additional time to respond to the Complaint – even more time than DMO had requested in light of the COVID-19 orders. Nothing prevented DMO from removing in a timely manner and Plaintiffs should not be penalized for permitting DMO additional time to answer the Complaint. In sum, DMO failed to remove in a timely manner, and the Court should remand the case to the Middlesex Superior Court.[6]

---

[6] It is anticipated that DMO will rely on *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) where the Supreme Court clarified the dates that trigger the thirty-day clock. This case is inapposite because it does not address a situation, like this one, where the defendants have agreed to waive or accept service. In fact, the decision states that it does not apply to situations where defendants waived service. *Id.*, at 351 ("**[u]nless a named defendant agrees to waive service**, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights") (emphasis supplied). In circumstances where the defendants have accepted service, the holdings in *New World Technologies* and *Karpowicz* are on point, are still good law, and should be followed here.

C. **DMO HAS FAILED TO SATISFY ITS BURDEN OF PROVING THE $5 MILLION AMOUNT-IN-CONTROVERSY HAS BEEN SATISFIED**

Even if removal had been timely, remand is still warranted because DMO has failed to meet its burden of meeting the $5 million amount-in-controversy threshold. Removals have become all too common where defendants, like DMO, merely state in a conclusory fashion that the amount-in-controversy has been met, without actually providing any information necessary to prove the claim. Defendants like DMO also tend to rely on statements made by plaintiffs such as 93A demand letters without recognizing that these figures might be gross estimations that are not made for purposes of determining whether the federal court has jurisdiction and are typically not realistic values. Respectfully, it is not the Plaintiffs' burden of proving the amount-in-controversy, it is the defendants' burden. Accordingly, it is insufficient for DMO to predicate its removal on Plaintiff's beliefs. *See* NOTICE OF REMOVAL, at ¶ 14 ("[t]he Plaintiff alleges she believes there are thousands of Class members").

DMO is a relatively new car dealership in the Commonwealth of Massachusetts, so Plaintiffs have no way of knowing how many cars DMO sold, how many were sold using unlawful "addenda," how many were sold with the unlawful "documentary preparation" fees, how many were sold with the unlawful "title preparation" fees, and how many cars were swapped after the deal was consummated. Without these numbers, the Court cannot be certain that it has jurisdiction in this Court. *See* NOTE 2, *supra*. This is because the Court only has jurisdiction if DMO can establish to a "reasonable probability" that damages are in excess of $5 million dollars. *Amoche*, 556 F.3d at 43. These precise figures should have been included in DMO's Notice of Removal to invoke this Court's jurisdiction. *See id*. There is no reason why DMO could not have discussed this information in the Notice of Removal. Let's not forget that

this case includes claims that DMO charged unlawful "documentary preparation" fees upwards of $599.00 per car sold. That means DMO has all documentation readily available to it concerning the sale of each and every car sold at its Massachusetts dealerships. There is no excuse for not providing these numbers to the Court to justify removal, and it is unclear why DMO instead decided to rely on Plaintiffs' rank speculation.

Even if DMO were to provide documentary support to show that there is a reasonable probability of exceeding the $5 million amount-in-controversy requirement, DMO has other problems to overcome. CAFA has two carve outs for cases that implicate issues of local – as opposed to interstate – concern. These are known as the "home-state controversy" or "local controversy" exceptions. The "local controversy" exception requires remand if more than two-thirds of the putative class are citizens of Massachusetts; one of the defendants is a citizen of Massachusetts; and the principal injuries were incurred in Massachusetts. *See* 28 U.S.C. § 1332(d)(4)(A). The "home state controversy" exception requires remand if more than two-thirds of the putative class and the primary defendants are citizens of Massachusetts. *See* 28 U.S.C. § 1332(d)(4)(B). Both of these are non-discretionary, and the Court must remand if these exceptions are met. In addition, the Court has a discretionary means to decline to exercise jurisdiction where at least one third of the putative class reside in Massachusetts. *See* 28 U.S.C., § 1332(d)(3). Remand is appropriate under any of these exceptions because the claim is against Massachusetts car dealerships selling cars to Massachusetts residents under Massachusetts law. There are many Kia dealerships (both in state and out of state). With all the local competition it is hard to fathom a substantial portion of DMO's business coming from out of state. Indeed, DMO's records that it needs to produce to justify the amount-in-controversy will also reveal that these exceptions apply.

Of course, these inquiries are all unnecessary because DMO failed to timely remove within 30 days. Accordingly, for the reasons set forth herein, the Court must remand to the Middlesex County Superior Court.

### D. PLAINTIFFS ARE ENTITLED TO COSTS AND ATTORNEYS' FEES IN LIGHT OF DMO'S IMPROVIDENT REMOVAL

Plaintiffs are entitled to an award of attorney's fees because DMO had no objectively reasonable basis for removal. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Attorney's fees should be awarded where there is no objectively reasonable basis for removal. *Id.*, at 141. Accordingly, Plaintiffs are entitled to reasonable attorney's fees and costs incurred in having to request remand to state court. *See* 28 U.S.C., § 1447(c)("[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").

Here, DMO had no objectively reasonable basis for removal because it so blatantly missed the thirty-day window to remove. Even if the Court permits the belated removal, DMO made no effort to show that the amount-in-controversy exceeds $5 million despite having all documentation necessary to meet this burden. It is insufficient to rely only on Plaintiffs' estimates and beliefs when it could simply review the documentation it had at its fingertips to satisfy this burden.

### IV. CONCLUSION

For the reasons stated herein, this Court lacks the subject matter jurisdiction to hear this case. DMO missed its thirty-day window to remove, and even if DMO acted promptly, it has not satisfied its burden of proving that the amount-in-controversy is met. Accordingly, the Court

should remand this case to the Middlesex Superior Court and award the Plaintiffs their reasonable attorneys' fees and costs incurred as a result of removal.

          Respectfully Submitted,

          */s/ Joshua N. Garick*
          _____
          Joshua N. Garick (BBO #674603)
          LAW OFFICES OF JOSHUA N. GARICK, P.C.
          34 Salem Street, Suite 202
          Reading, Massachusetts 01867
          Phone: (617) 600-7520
          Joshua@GarickLaw.com

          *Counsel for Plaintiff and the Class*

Dated: August 18, 2020

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I certify that, in compliance with Local Rule 7.1(a)(2), I conferred with counsel for the defendant and have attempted in good faith to resolve or narrow the issues that are the subject of this motion.

          */s/ Joshua N. Garick*
          _____
          Joshua N. Garick, Esq.

Dated:   August 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, the foregoing was filed electronically using the Court's CM/ECF system which will send notification of such filing to all registered individuals.

          */s/ Joshua N. Garick*
          _____
          Joshua N. Garick, Esq.

Dated:   August 18, 2020