UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11369-RWZ

RACHEL FREEDMAN,
individually and on behalf
of all others similarly situated

v.

DAN O'BRIEN KIA NORWOOD,
DMO NORWOOD, LLC, and
DAN O'BRIEN AUTO GROUP

ORDER

October 20, 2020

ZOBEL, S.D.J.

Last year, plaintiffs bought a car from defendants' family of Massachusetts car dealerships. They seek to certify a class that is likely to include "all consumers who purchased an automobile from any of [defendants'] dealership[s] in Massachusetts from April 13, 2014 to the present" in order to bring claims for unfair and deceptive business practices under Mass. Gen. L. ch. 93A; unjust enrichment; breach of contract; breach of duty of good faith and fair dealing; and fraud. Plaintiffs brought the case in Massachusetts' Middlesex County Superior Court but defendants removed it to this court. The matter is before me on plaintiffs' motion to remand.

The Class Action Fairness Act of 2005 ("CAFA") § 4(a) confers federal jurisdiction over cases in which the plaintiff class includes at least 100 members, at least one class member is diverse in citizenship from any defendant, and the aggregate

amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). CAFA's "local controversy" and "home state" exceptions deny federal courts jurisdiction in cases where, among other conditions, two thirds of the plaintiff class are citizens of the same state. 28 U.S.C. § 1332(d)(4). CAFA also endows the court with the discretion to deny jurisdiction "in the interests of justice and looking at the totality of the circumstances" when more than a third of class members are citizens of the same state. 28 U.S.C. § 1332(d)(3).

As the movants to remand, plaintiffs bear the burden of proving the facts supporting these exceptions. See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 804, 812 (5th Cir. 2007) (discretionary exception); Manson v. GMAC Mortg., LLC, 602 F. Supp. 2d 289, 295 (D. Mass. 2009) (home state and local controversy exceptions). Thus far, they have provided insufficient information for the court to make a determination regarding the putative class citizenship composition.

Therefore, plaintiffs shall provide supplemental submissions to support their motion by November 30, 2020. Defendants shall cooperate to provide appropriate and necessary information.

| | |
|---|---|
| October 20, 2020 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |