UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11369-RWZ

RACHEL FREEDMAN and
JEFFREY GREENBERG

v.

DAN O'BRIEN KIA NORWOOD,
DMO NORWOOD, LLC, and
DAN O'BRIEN AUTO GROUP

ORDER

January 6, 2021

ZOBEL, S.D.J.

Plaintiffs bought a car from defendants' family of Massachusetts car dealerships in 2019. They now seek to certify a class that is likely to include "all consumers who purchased an automobile from any of [defendants'] dealership[s] in Massachusetts from April 13, 2014 to the present" in order to litigate claims for unfair and deceptive business practices under Mass. Gen. L. ch. 93A; unjust enrichment; breach of contract; breach of duty of good faith and fair dealing; and fraud. They brought the case in Massachusetts' Middlesex County Superior Court, defendants removed it to this court, and plaintiffs now move to remand.[1]

---

[1] Defendants also moved to dismiss the original complaint. Docket # 9. Subsequently, the parties jointly moved to amend the complaint and withdraw that motion. Docket # 12. After the court granted the motion to amend and withdraw, Docket # 13, plaintiff filed the amended complaint, Docket # 14, and the present motion to remand, Docket # 15, and defendant submitted a new motion to dismiss, Docket # 18.

On October 20, 2020, this court ordered plaintiffs to provide supplemental briefing regarding the composition of the putative class and defendants to cooperate in supplying them necessary information regarding historical customer data.   Alongside transaction data, defendants provided the customers' addressed, but not their names.

The Class Action Fairness Act of 2005 (CAFA) confers federal jurisdiction over class actions in which there are 100 or more plaintiff class members, one plaintiff class member is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2).  But the district court must decline jurisdiction under the "home state exception" to CAFA when two-thirds or more of the members of the putative class and the primary defendants are citizens of the state in which the action was originally filed.  Id. at § 1332(d)(4)(B).  Plaintiffs seeking remand under a statutory exception to CAFA bear the burden of proof by a preponderance of the evidence.  See In re Hannaford Bros. Co. Customer Data Security Breach Litigation, 564 F.3d 75, 78 (1st Cir. 2009); Padilla–Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008) (applying preponderance standard to questions of diversity jurisdiction).

Plaintiffs contend that remand is required under the home state exception because the data provided by defendants shows that 85% of their customers provided the dealership with a Massachusetts residence.  See Garick Aff. ¶ 8, Docket No. 36-1. This is well above the two-thirds (66.66%) threshold.

Citizenship is determined as of the time the suit is filed.  See Melendez-Garcia v. Sanchez, 629 F.3d 25, 41 (1st Cir. 2010).  "[A] person is a citizen of the state in which he is domiciled."  Aponte–Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir.

2016) (quoting Padilla-Mangua., 516 F.3d at 31).   Domicile is "the place where [a person] has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  Aponte–Dávila, 828 F.3d at 46 (quoting Rodriguez–Diaz v. Sierra–Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988)).   Domicile requires a showing of (1) "physical presence in a place," and (2) "the intent to make that place one's home."  Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001).

"The place where a person lives is taken to be his domicile until facts adduced establish the contrary."  Anderson v. Watts, 138 U.S. 694, 706 (1891); see also District of Columbia v. Murphy, 314 U.S. 441, 455 (1941); Ennis v. Smith, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary.").   The First Circuit has clearly stated, however, that "[t]his principle . . . does not provide an end run around the longstanding test for domicile." Aponte–Dávila, 828 F.3d at 47 n.4 (1st Cir. 2016).   "Looking at residency alone is an insufficient analysis *if there are other facts,* and [the First Circuit] has consistently required a careful analysis of a variety of factors to determine a party's domicile."  Id. (emphasis added).   These factors include "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment.'"  Padilla–Mangual, 516 F.3d at 32 (quoting Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992)).

In this case, the defendants controlled what customer information it provided to plaintiffs to prove class citizenship.   They declined to provide the names of customers,

3

which would have enabled plaintiffs to establish many of the above factors.

Nevertheless, the evidence shows that more than two-thirds of the class are

Massachusetts citizens.  As the First Circuit said, *if there are other facts* rebutting the

assumption that someone's residence is his domicile, this court must take them into

account.  See also Sligh v. Doe, 596 F.2d 1169, 1171 (4th Cir.1979) ("[T]here was some

affirmative evidence pointing toward citizenship, not conclusive evidence by any means,

but sufficient to support a finding *in the absence of any contradictory proof*.") (emphasis

added).  Here, there are no facts contradicting citizenship of persons at those

Massachusetts residences.  Further, the case itself centers on the purchase of an

automobile, which is exactly the type of property the First Circuit has determined is

evidence of domicile.  In the absence of evidence to the contrary, a residential address

provided by a putative class member in the purchase of an automobile is therefore

sufficient to establish domicile.[2]

     "[T]he evidentiary standard for establishing the domicile of more than one

hundred plaintiffs must be based on practicality and reasonableness."  Preston v. Tenet

Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 804, 816 (5th Cir. 2007).  Here, there are

more than 3,000 separate Massachusetts customers in defendants' records.  See

Garick Aff. ¶ 8, Docket No. 36-1.  Requiring more would flout such reasonableness.

Moreover, the existing record shows that 85% of putative class members listed a

---

[2] Domicile must be established at the time of filing but the putative class includes purchasers as far back as 2014.  The concern thus arises that class members have moved since their purchase.  There is a presumption, however, that a person retains his old domicile until it is shown to have changed.  See Anderson v. Watts, 138 U.S. at 706 (1891) ("[A] domicile, when acquired, is presumed to continue until it is shown to have been changed."); Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986); Janzen v. Goos, 302 F.2d 421, 425 (8th Cir. 1962); Stine v. Moore, 213 F.2d 446, 447 (5th Cir.1954).  Since the records provided establish domicile as of the time of purchase and no assertion of a change of domicile has been made, the domicile at time of purchase adequately proves jurisdictional citizenship.

Massachusetts residence, while the home state exception only requires 66.66% of class members to be Massachusetts citizens.  Even if the contrary evidence contemplated by the First Circuit did exist with respect to some of the class members, plaintiffs still have sufficient buffer to meet the jurisdictional threshold.  Indeed, more than one-fifth of those customers who listed a Massachusetts residence would have to be domiciled elsewhere for the class to fall below the home state exception threshold.

The court finds, therefore, that plaintiffs have met their burden in proving the citizenship composition of the putative class.  The motion to remand, Docket # 15, is ALLOWED to the extent that the case is remanded to the Middlesex Superior Court, but plaintiffs' request for fees is DENIED.  Further, defendants' motion for leave to file a reply, Docket # 37, is also ALLOWED, and the court notes that the reply attached to that motion was taken into consideration.  The motion to dismiss, Docket # 18, is properly reserved for Middlesex Superior Court.

January 6, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE